ISAIAH E. COOPER, *Plaintiff in Error,* v. THE STATE OF
FLORIDA, *Defendant in Error.*

1. Motions for new trials must be evidenced to the appellate court by a bill of exceptions, and will not be considered unless so evidenced though copied by the clerk in the transcript sent up in obedience to the writ of error.

2. The following language in an indictment for murder, "and that the said Isaiah E. Cooper, with 'the leaden bullets aforesaid, so as aforesaid shot, discharged and sent forth out of the gun aforesaid by force of the gunpowder and shot aforesaid, the said John H. Bowman, in and upon the head of him the said John H. Bowman, then and there feloniously, wilfully, of his malice aforethought and from a premeditated design to effect the death of him the said John H. Bowman, did strike, thrust, penetrate and wound, giving to the said John H. Bowman then and there, with the leaden bullets aforesaid, in and upon the head of him the said John H. Bowman then and there, one mortal wound of the depth of six inches and of the breadth of three inches, of which said mortal wound, the said John H. Bowman then and there, in the county aforesaid, instantly died," does not charge that Bowman killed himself, but sufficiently charges that Cooper killed Bowman.

3. The Circuit Courts have power upon notice to and in the presence of the defendant in a criminal prosecution to amend the minutes of the court *nunc pro tunc* so as to show that said defendant was duly arraigned and pleaded not guilty to the trial; and such amended record when properly before the appellate court upon writ of error will control in deciding the assignments of error.

This case was decided by Division B.

Writ of error to the Circuit Court for DeSoto county.

The facts in the case are stated in the opinion of the court.

*M. L. Williams* for plaintiff in error.

Attorney-General for the State.

CARTER, P. J.—At the spring term, 1903, of the Circuit Court of DeSoto county, plaintiff in error was indicted, tried and convicted of the crime of murder in the first degree, and, from the death sentence imposed, sued out this writ of error. We have before us what is called an evidentiary bill of exceptions which purports to contain all the evidence given upon the trial, but the motion for a new trial is not incorporated therein. It appears that another document purporting to be a bill of exceptions was filed, but the Circuit Court struck it from the files upon the ground that it was "a falsification and a fraud upon the court, in that matters are stated and set forth therein that were not therein when the bill of exceptions was signed, and which do not state the truth as to the proceedings in said case," and the transcript sent up in response to the writ of certiorari, granted on application of the State, does not contain the document so stricken. The so-called evidentiary bill properly presents no question assigned as error, except the ruling denying a motion based upon the supposed insufficiency of the indictment. The court holds that the indictment was sufficient as against the objections urged in the motion, in considering another assignment of error, therefore, the ruling upon the motion was correct. The so-called evidentiary bill of exceptions does not exhibit the motion for a new trial, nor the other matter *in pais* upon which many assignments of error are based, and the court is confined to a consideration of those assignments based upon the record proper shown by the transcript sent up in obedience to the writ of certiorari. *Coleman v. State,* 43 Fla. 543, 30 South. Rep. 684; *McDonald v. State,* 46 Fla. 149, 35 South. Rep. 72.

The indictment charges that Isaiah E. Cooper, on January 29th, A. D. 1903, in DeSoto county, Florida, in and upon one John H. Bowman, "feloniously, wilfully and of his malice aforethought, and from a premeditated design to effect the death of him the said John H. Bowman, did make an assault, and that the said Isaiah E. Cooper, a

certain gun then and there loaded and charged with gun-powder and leaden bullets, which said gun the said Isaiah E. Cooper in both his hands then and there had and held, to, against and upon the said John H. Bowman, then and there feloniously, wilfully and of his malice aforethought, and from a premeditated design to effect the death of him the said John H. Bowman, then and there, feloniously, wilfully, of his malice aforethought and from a premeditated design to effect the death of him the said John H. Bowman, did shoot and discharge. And that the said Isaiah E. Cooper, with the leaden bullets aforesaid, so as aforesaid shot, discharged and sent forth out of the gun aforesaid [by force of the gunpowder and shot aforesaid, the said John H. Bowman, in and upon the head of him the said John H. Bowman, then and there, feloniously, wilfully, of his malice aforethought and from a premeditated design to effect the death of him the said John H. Bowman, did strike, thrust, penetrate and wound, giving to the said John H. Bowman then and there, with the leaden bullets aforesaid, in and upon the head of him the said John H. Bowman then and there, one mortal wound of the depth of six inches and of the breadth of three inches, of which said mortal wound the said John H. Bowman then and there, in the county aforesaid, instantly died].

And so the jurors aforesaid, upon their oaths afore-said, do say that the said Isaiah E. Cooper, him the said John H. Bowman, then and there in manner aforesaid wil-fully, feloniously, of his malice aforethought and from a premeditated design to effect the death of him the said John H. Bowman, did kill and murder, contrary," etc. Plaintiff in error contended in the court below and urges here "that the indictment is ambiguous, in that it does not charge the defendant with the murder of the deceased, but, on the contrary, said indictment charges the deceased with murdering himself," by the language used in that portion of the indictment which for convenience we have enclosed in brackets. The language referred to must be read in

connection with the preceding part of the indictment, and when so read the supposed ambiguity is not apparent. See *Pittman v. State,* 25 Fla. 648, 6 South. Rep. 437.

It is also contended that the record fails to show that defendant was arraigned, and that the court erred in trying the defendant when no issue had been joined. The record before us shows that the minutes of the court were amended *nunc pro tunc,* after notice to and in the presence of the defendant, so as to show that he was duly arraigned and pleaded not guilty prior to the trial. No question as to the regularity of this amendment is suggested; the court had power to make it, and this court must be governed by the amended record. *Olive v. State,* 34 Fla. 203, 15 South. Rep. 925.

Other questions are sought to be presented by the assignments of error, but the facts necessary to present them are not shown by the transcript of record, nor by the so-called evidentiary bill of exceptions, and they can not, therefore, be considered.

The judgment of the Circuit Court will be affirmed.

MAXWELL and COCKRELL, JJ., concur.

TAYLOR, C. J., and HOCKER and SHACKLEFORD, JJ., concur in the opinion.