FREDDIE EWERT, *Plaintiff in Error*. v. THE STATE OF FLOR-
IDA, *Defendant in Error*.

CRIMINAL LAW—HOMICIDE—INDICTMENT—IDEM SONANS—VERDICT
MAY BE AIDED BY THE RECORD—CONTINUANCE—APPELLATE
PRACTICE—EXCEPTING GENERALLY TO REFUSALS TO GIVE TWO OR
MORE CHARGES.

1. An indictment that alleges that "Freddie Ewert * * * on
the nineteenth day of May in the year of our Lord one thousand
nine hundred and three with force and arms at and in the
county of Monroe aforesaid, in the circuit and State aforesaid,
in and upon one Frank W. Whitaker * * * then and there
being, feloniously, wilfully of his malice aforethought, and from
a premeditated design to effect the death of him the said Frank
W. Whitaker, did make an assault; and that the said Freddie
Ewert a certain blunt and deadly weapon and instrument, a
further description of which said weapon and instrument is to
the grand jurors unknown, then and there in his hands had 'and
held to, against and upon him the said Frank W. Whitaker the
said Frank W. Whitaker, in and upon the head of him the said
Frank W. Whitaker feloniously, wilfully and of his malice afore-
thought, and from a premeditated design to effect the death of
him, the said Frank W. ·Whitaker, did strike and wound, giving
to the said Frank W. Whitaker with the instrument and weapon
aforesaid, in and upon the head of him the said Frank W.
Whitaker, by force of the stroke aforesaid with the instrument
and weapon aforesaid, in manner aforesaid, one mortal wound, of
which said mortal wound he the said Frank W. Whitaker then
and there, in the county of Monroe aforesaid, died," sufficiently
charges the crime of murder in the first degree against the said
Freddie Ewert, and is not obnoxious to the criticism that it
charges the deceased Whitaker with having murdered himself.

2. Where the defendant's name, by which he was indicted and tried,
was Freddie Ewert, and the verdict returned was as follows:
"We, the jury, find the defendant, Fred Evert, guilty of murder
in the first degree, so say we all." *Held,* that such verdict
under the rule of *idem sonans,* was sufficiently certain in its
identification of the defendant; that its use of the words *"the
defendant,"* sufficiently identified the defendant without any at-
tempted expression of his name, he being the only party indicted
and tried; that the record could be resorted to in aid of the
verdict, to show who was intended by the words "the defend-
ant," used in the verdict; that though the name of a party be

incorrectly given, yet the mistake may sometimes be cured by accompanying words of identification; that the incorrect spelling of the defendant's surname in this verdict was entirely cured by the words "the defendant" in the verdict, and that he was sufficiently identified thereby.

3. When an affidavit for continuance on the ground of the absence of a witness names a physician as such absent witness, and states in general terms that the defendant expects to prove by such absent witness that defendant "is of unsound mind and has been so for a number of years," without stating whether the witness will swear that such alleged unsoundness of mind goes to the extent of incapacitating the defendant from distinguishing between right and wrong, and without stating whether such absent witness has had any especial opportunity, over other medical experts for observing and knowing the defendant's mental condition, and where it is not shown that no other medical experts are procurable, it is not error to refuse the continuance.

4. Where the refusal of the trial judge to give two or more requested instructions stating separate and distinct propositions of law is *excepted to* by a *single general exception,* an appellate court must adjudge such an exception to be not well taken if any one of the several refused instructions thus excepted to *en masse* was properly refused.

This case was decided by Division A.

Writ of error to the Circuit Court for Monroe county.

The facts in the case are stated in the opinion of the court.

*J. M. Phipps* and *Ernest P. Roberts* for plaintiff in error.

*W. H. Ellis,* Attorney-General, for the State.

TAYLOR, C. J.—The plaintiff in error, Freddie Ewert, was indicted, tried and convicted of the crime of murder in the first degree in the Circuit Court of Monroe county

and from the sentence of death imposed seeks relief here by writ of error.

The first assignment of error insisted upon here is that the indictment is insufficient in this, that it does not set forth the manner, means nor instrument in, by or with which the said Freddie Ewert did kill and murder the deceased, Frank Whitaker. No assault was made upon the indictment in the court below, but it is questioned here for the first time. The indictment contains ten counts charging the commission of the crime in divers different ways and by divers different means, no useful result could follow its repetition here, but it will be sufficient to say that the same objection is urged against it here that was made against the indictment in the case of *Cooper v. State,* decided here at the last term, 47 Fla. 21, 36 South Rep. 53, *viz*: that from its wording it charges that the *deceased* killed himself instead of being killed by the defendant. The indictment here is substantially like the one in the Cooper case above, and it was held in that case to be not obnoxious to the criticism urged against it, but to be entirely sufficient to charge the defendant with the crime of murder in the first degree. We think that the indictment here sufficiently charges the defendant with the crime of which he has been convicted.

The verdict of the jury was as follows: "We, the jury, find the defendant, Fred Evert, guilty of murder in the first degree. So say we all.    (Signed)

Foreman—CHAS. H. BETHEL."

Upon the misspelling of the surname of the defendant in this verdict the defendant has predicated four assignments of error as follows: 2. The jury did not find the defendant, Freddie Ewert, guilty as charged in the indictment.

3. The verdict of the jury was a nullity.

4. The verdict of the jury was irrelevant and irresponsive to the issue involved in this cause.

5. The court erred in rendering judgment in this cause and in sentencing the said Freddie Ewert.

There is no merit in either of these assignments of error. The misspelled name assigned to the defendant in the verdict, may be disregarded entirely and still the verdict sufficiently identifies him as the person intended to be convicted thereby. In *Roberson v. State,* 45 Fla. 94, 34 South. Rep. 294, the verdict did not attempt to name the defendant at all, but simply referred to him as "the defendant," and it was there held that such verdict was sufficient, inasmuch as there was but the one defendant indicted and tried in the case who could have been referred to in the verdict as "the defendant;" and that the record in a cause could be resorted to in aid of a verdict, and when such record makes the verdict certain in every respect it is sufficient. But further, we think that the name of the defendant as spelled in the verdict here is so nearly like the correct orthography thereof, as to make it sufficient under the rule of *idem sonans.* 21 Am. & Eng. Ency. Law (2nd ed.) 313, and cases there cited.

There is a further rule of law that though the name of a party be incorrectly given, yet the mistake may sometimes be cured by accompanying words of identification. 21 Am. & Eng. Ency. of Law (2nd ed.) 311, and citations. In the verdict here we think that the defendant is sufficiently identified by the words "the defendant," notwithstanding the clerical mistake of the jury in spelling his surname with the letter "v" instead of a "w."

The sixth assignment of error is the denial of the defendant's application for a continuance of the cause on the ground of the absence of a witness. The affidavit filed in support of this motion fails to state with sufficient particularity the matters of defense expected to be proved by the absent witness. It states in the most general way that the deponent "expects to prove by the said Dr. Charles B. Sweeting that said defendant is of unsound mind, and has so been for a number of years." Whether this alleged unsoundness of mind went to the extent of rendering the defendant not responsible for any crime that he might com-

mit is not stated. A party may truthfully be said to be of unsound mind and still he may be responsible for any crime that he may commit. The mental infirmity to render the party immune from punishment for crime, must go to the extent of rendering him incapable of distinguishing between right and wrong. Nothing of this kind is shown by the affidavit here. But again, this affidavit fails to show that the absent witness Dr. Charles B. Sweeting has ever had any particular opportunity, over any other physician, for observing the mental condition of the defendant, and the character of the evidence expected from him, for aught to the contrary shown by the affidavit, is such evidence only as may have been gotten from any other medical expert upon an examination of the accused, and it was not shown that there were no other medical experts procurable at the trial who might, upon examination of the defendant, have given the same evidence expected from the absent physician. Under these circumstances we do not think that the circuit judge committed such an abuse of his discretion over the matter of application for continuance as that we would be justified in adjudging his denial of this application to be error.

The seventh assignment of error is the denial of the defendant's motion for new trial. We will reserve the discussion of this assignment for the last.

The eighth, ninth, tenth, eleventh, twelfth and thirteenth assignment of error are predicated upon the refusal of the trial judge to give six several charges, each announcing a separate and distinct proposition of law, requested by the defendant. To the refusal of the judge to give these six several instructions there was but a single exception, and, according to the well settled rule here, we are to look no further after discovering that the court committed no error in refusing to give any one of such charges thus grouped together *en masse* in a single general exception. *Bradham v. State,* 41 Fla. 541, 26 South. Rep. 730, and cases cited. Observing this rule we take up the first of these re-

quested instructions which is as follows: "The court in-
structs the jury that they must consider the several blows
as one act. That if the first blow was inflicted while the
accused was in the heat of passion the whole of the blows
were inflicted while in the heat of passion. If the accused
was in the heat of passion when he struck the first blow,
then he did not have time for his passion to cool before he
struck the rest of the blows inflicted." This instruction is
patently erroneous because it invades the province of the
jury in dealing with the facts in the case. It announces as
a matter of fact that the defendant did not have cooling
time between the dealing of the first and several other fatal
blows inflicted upon the deceased, and the court ruled cor-
rectly in refusing to give it in charge to the jury. Finding
the refusal to give this one of the six requested instructions
to have been proper, in consonance with the rule last stated,
we must adjudge the six assignments of error, numbered
from the eighth to the thirteenth both inclusive, all predi-
cated upon the one general exception to the refusal of the
judge to charge as requested, to be not well taken.

We now return to the denial of the motion for new
trial. The only ground of this motion that is properly
presented for consideration by the record, and that has not
already herein been disposed of is that the verdict is con-
trary to the evidence and not supported thereby. We have
given the evidence in the case the most careful consideration
and find that it abundantly shows, beyond any reasonable
doubt, that the defendant has committed cool and deliberate
murder from avaricious motives, the evidence showing that
the crime was committed to accomplish robbery from the
person of the deceased of a considerable sum of money that
he was known to have been in the habit of carrying on his
person. The judge charged the law of the case fully and
correctly to the jury and the defendant upon the whole
has had a fair and impartial trial, without any apparent
error; and the judgment of the Circuit Court in said cause
is, therefore, hereby affirmed at the cost of the county of

Monroe, the defendant having made the necessary oath and proof of his insolvency and inability to pay such costs.

HOCKER, COCKRELL, CARTER, SHACKLEFORD and WHITFIELD, JJ., concur.