NEAL JOHNSON, BEN CURRY, JOHN SMITH AND AUGUSTUS HAYS, PLAINTIFFS IN ERROR, v. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. Motions to quash indictments, together with the ruling of the court thereon, must be embraced in the record proper in order that an appellate court may consider an assignment of error based thereon.

2. In an indictment for resisting or obstructing an officer in the discharge of his duty in carrying a prisoner arrested by him to a proper committing magistrate it is not necessary to allege the elements constituting the offence for

Johnson et al. v. The State of Florida—Syllabus.

which the arrest was made; and it is sufficient to allege the arrest and custody under a charge of carrying concealed weapons and for disturbing the peace in the presence of the officer making the arrest.

3. Even if the charge of "disturbing the peace" is not included in the offence of "breach of the peace," the charge of carrying concealed weapons, under Chapter 4929 of the Laws of 1901, is made an offense and a breach of the peace.

4. An indictment must charge two distinct and independent offenses in order to make the same duplicitous.

5. Where there is no suggestion that the indictment is so vague, indistinct and indefinite as to mislead the defendants and embarrass them in the preparation of their defence or expose them to substantial danger of a new prosecution for the same offense, no error was committed by the trial court, after the conviction of the defendants, in holding the indictment sufficient on a motion in arrest of judgment.

6. The mere omission of the court to define the phrases "concealed weapons" and "disturbance of the peace," as used in a charge, in the absence of the presentation of correct definitions in a requested instruction, does not constitute error.

7. An incorrect expression in a charge may be rendered harmless upon a consideration of the whole testimony.

8. An instruction assuming as true statements of fact that are controverted is properly refused.

9. Upon an indictment against "Augustus Hays" a verdict against August Hase is not a fatal variance.

10. The verdict is sustained by the evidence.

This case was decided by Division A.

Writ of Error to the Circuit Court for Jackson County.
5 S. C.

The facts in the case are stated in the opinion of the Court.

*Price & Watson,* for Plaintiffs in Error.

*W. H. Ellis,* Attorney-General, for the State.

WHITFIELD, J.  The plaintiffs in error were convicted in the Circuit Court for Jackson County of the offense of resisting and obstructing without violence an officer in the discharge of his duty and took a writ of error. The record contains no motion to quash the indictment, therefore, the assignment based on the refusal of such motion cannot be considered.  Hearn v. State, 43 Fla. 151, 29 South. Rep. 433; Houston v. State, 50 Fla. 90, 39 South. Rep. 468.

The denial of a motion in arrest of judgment is assigned as error.  Under this assignment it is contended that the indictment is defective in that it does not sufficiently set forth the acts constituting the alleged disturbance of the peace or the weapon alleged to have been concealed, that the allegations of the indictment are mere conclusions of law and that the indictment is duplicitous in that it charges a resistance of an officer and the rescue of a prisoner from lawful custody.

The indictment alleges that the officer, M. O. Tidwell "arrested one Will White  *  *  *  upon the charge of having a concealed weapon about his person and for a disturbance of the peace, both of which offenses were then and there committed in the presence of said M. O. Tidwell  *  *  *  that  *  *  *  Neal Johnson  *  *  *  and Augustus Hays  *  *  *  and Ben Curry and John Smith and each of the aforenamed persons did then and there knowingly and wilfully resist, obstruct and op-

pose the said M. O. Tidwell, in carrying and conveying the said Will White from the place where he was then under arrest to the Justice of the Peace office  *   *   * by then and there forcibly and violently and by threats taking the said Will White from the said M. O. Tidwell and releasing him," etc.

In an indictment for resisting or obstructing an officer in the discharge of his duty in carrying a prisoner arrested by him to a proper committing magistrate, it is not necessary to allege the elements constituting the offense for which the arrest was made; and it is sufficient to allege the arrest and custody under a charge of carrying concealed weapons and for disturbing the peace in the presence of the officer making the arrest. King v. State, 42 Fla. 260, 28 South. Rep. 206; see also State v. Dunn, 109 N. C. 839; Bishop's Directions and Forms, Section 840; 1 Archibold's Cr. Pr. 941.

Even if the charge of "disturbing the peace" were not included in the offense of "breach of the peace" there was a charge of carrying concealed weapons which Chapter 4929, Acts of 1901, makes an offense and a breach of the peace.

The indictment does not charge the offense of rescuing a prisoner, but charges a resisting and obstructing an officer. The acts of resisting and obstructing alleged embrace acts which may amount to another offense, but the indictment does not charge two distinct and independent offenses, and, therefore, is not duplicitous. See McGahagin v. State, 17 Fla. 665, text 668; 10 Am. & Eng. Enc. Pl. & Pr. 533. There is no suggestion that the defendants were misled or embarrassed in the preparation of their defense, and the indictment is sufficient after trial on a motion in arrest of judgment. See King v. State, supra, Section 2893, Revised Statutes; Long v.

State, 42 Fla. 509, 28 South. Rep. 775; People v. Nash, 1. Idaho 206; 2 Am. & Eng. Enc. Pl. & Pr., 802; Green v. State, 17 Fla. 669; 1 Bishop's New Crim. Proc. Sc. 443.

It is contended that a charge given by the court and excepted to is erroneous because the court did not define the terms "concealed weapons" and "disturbance of the peace" mentioned in the charge. A mere omission to define words or terms used in a charge is not error. As it does not appear that the defendants presented a proper definition of these terms or either of them and requested that it be given, they cannot complain here. Bynum v. State, 46 Fla. 142, 35 South. Rep. 65; Shiver v. State, 41 Fla. 630, 27 South. Rep. 36; Blount v. State, 30 Fla. 287, 11 South. Rep. 347.

In view of the uncontradicted testimony in this case that the arrest and custody of the prisoner were upon the charge of carrying a pistol concealed on his person with which he assaulted the officer who saw the offense committed and arrested him, it cannot be said that the court erred in its charge that the officer had the lawful right to arrest without warrant for a "disturbance of the peace" committed in the presence of such officer. The disturbance of the peace for which the arrest was made as shown in the testimony was clearly a breach of the peace. The jury could not have been misled and no harm under the circumstances of this case could in view of the verdict have resulted to the defendants by the expression "disturbance of the peace" as used in the charge complained. See Mitchell v. State, 43 Fla. 584, 31 South. Rep. 242.

The principle announced in the sixth charge requested and refused was fully covered by the charge last above discussed and its refusal was not error. Green v. State, 43 Fla. 556, 30 South. Rep. 656; Morrison v. State, 42

Fla. 149, 28 South. Rep. 97; Higginbotham v. State, 42 Fla. 573, 29 South. Rep. 410.

Error is assigned on the refusal of the court to give the following charge: "The mere fact that the defendants, Augustus Hays, Lem King, Daniel Davis, Neel Johnson, Ben Curry and John Smith were present at the time Tidwell arrested or attempted to arrest White and some or all of them were cursing or swearing would not of itself be sufficient to convict these defendants of any offense."

This charge, if otherwise correct, assumes that certain facts were proven when there was evidence to the contrary, and the charge was therefore properly refused. Carter v. State, 22 Fla. 553; Southern Pine Co. of Georgia v. Powell, 48 Fla. 154, 37 South. Rep. 570; Supreme Lodge Knights of Pythians v. Lipscomb, 50 Fla. 406, 39 South. Rep. 637.

The verdict found the other plaintiffs in error and "*August Hase* guilty without violence." It is contended that as to Augustus Hays this is a fatal variance.

Verdicts in criminal cases should be certain and import a definite meaning free from ambiguity; but any words that convey beyond a reasonable doubt the meaning and intention of the jury are sufficient, and all fair intendments should be made to sustain them. If the intention is clearly manifested, bad spelling or faulty grammar will not vitiate the verdict. Johns v. State, 46 Fla. 153, 35 South. Rep. 71; Higginbotham v. State, 42 Fla. 573.

Judicial notice will be taken of the ordinary and commonly used abbreviations and equivalents of Christian names. See Am. & Eng. Enc. of Law, 2nd Ed. 309 and authorities cited.

Absolute accuracy in spelling proper names is not required in criminal proceedings, and if the name as spelled, though different from the correct spelling of it, conveys to the ear, when pronounced according to commonly accepted methods, a sound identical with the sound of the name correctly spelled as usually pronounced, the name as thus spelled is a sufficient designation of the individual referred to, and no advantage can be taken of the error in spelling, at least where no injury is shown. See Reddick v. State, 25 Fla. 112, Ewert v. State, 48 Fla. 36, 37 South. Rep. 334, 21 Am. & Eng. Enc. of Law, 2nd Ed. 313.

"August" is an ordinary and common abbreviation of the Christian name Augustus. "Hase" has the same sound in pronunciation as Hays. Considering the rule as to the interpretation of verdicts, together with an ordinary and commonly used abbreviation of the Christian name as August for Augustus, and applying the doctrine of *idem sonans* to the proper name "Hase" as used in the verdict, it is clear that the name "August Hase" in the verdict taken in connection with the whole record, is not a fatal variance.

The verdict is sustained by the evidence and under the well established rule it will not be disturbed here.

The judgment is affirmed.

SHACKLEFORD, C. J., and COCKRELL, J., concur.

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.