HAZEL JOHNSTON, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed June 3, 1913.

CRIMINAL LAW—UNLAWFUL SALES OF INTOXICATING LIQUORS—U. S. REVENUE LICENSE AS EVIDENCE—IDENTITY FROM NAMES—SPECIFIC GROUNDS OF OBJECTION TO EVIDENCE ADVANCED IN TRIAL COURT MUST BE ARGUED IN APPELLATE COURT, ELSE ASSIGNMENT BASED THEREON WILL BE TREATED AS ABANDONED.

1.  Where two names are presented to the consideration of the court, the inference that they designate the same individual is strong in proportion as the difference between the two are slight, and, conversely, the inference of identity is weak as

the points of difference between the two names are numerous and marked.

2. Section One of Chapter 5688 Laws of Florida of 1907 makes the certificate of the U. S. Revenue Collector of Licenses issued to parties to conduct the business of Liquor Dealers, *prima facie* eidence in all the courts of this State that the person holding, owning, paying for or possession such U. S. Revenue License, is a dealer in such intoxicants, not expressly as a second offence, but simply of the fact that during the time covered by such U. S. Revenue License the holder thereof is or was a dealer in such liquors. Of course the prosecutor in the trial of a party on a charge of a second offense must show by evidence *aliunde* the first conviction and a dealing in or sale of intoxicants subsequently thereto that was not covered by or included within the charge upon which the first conviction was had, but this does not detract from the value of the U. S. Revenue License as *prima facie* evidence of the bare fact that the holder or owner thereof was, during the whole time covered by such license, a dealer in intoxicants, whether under it he made one sale, or from day to day and from month to month made continuous and repeated sales thereunder, after having been convicted for the offense of making the first, second or third sale thereunder.

3. It is the settled rule here that a plaintiff in error or appellant is confined in argument to the specific grounds of objection stated in the trial court and there ruled upon. If he fails to argue these grounds the assignment will be treated as abandoned.

Writ of error to the Circuit Court for Santa Rosa County.

Judgment affirmed.

*Reeves* & *Watson* & *Pasco,* and *H. S. Laird,* for Plaintiff in Error;

*T. F. West,* Attorney General, and *C. O. Andrews,* for the State.

TAYLOR, J.—The plaintiff in error, hereinafter referred to as the defendant, was indicted, tried, convicted and sentenced for the crime of unlawfully selling intoxicating liquors in a county where its sale was prohibited by law, as a second offense, under the provisions of Section 3 of Chapter 6179, Laws of 1911, in the Circuit Court of Santa Rosa County, and brings his case here for review by writ of error.

At the trial the State offered in evidence a verified and duly certified list of persons in the town of Milton, in Santa Rosa County, who had taken out United States Revenue Licenses to engage in the business of retail liquor dealers during the year A. D. 1911, made by the U. S. Collector of Internal Revenue, on which list appeared the name of "H. S. Johnson" as having paid for and obtained a license as retail liquor dealer on September 15th, 1911, for the year commencing July 1st, 1911, and ending June 30th, 1912, said business to be conducted at Milton in the "Johnston building."

To the introduction of this paper in evidence the defendant objected on the grounds: (1) that it showed on its face that it was issued prior to the time of the first conviction of the defendant, and (2) that it is irrelevant and immaterial. These objections were overruled and the paper admitted as evidence; this ruling was excepted to and is assigned as error. It is contended here for this assignment that the court erred in admitting the paper for two reasons: (1) because the name of the defendant, "Hazel Johnston," is not the same as the name "H. S. Johnson" as given in the admitted document; and, (2) because the document exhausted itself as evidence

at the first trial and conviction of the defendant for an illegal sale of liquors, and was not admissible in evidence under the statute making a second offense a felony. As to the first of these contentions we think it is untenable. The two names are so nearly alike that it became a question of fact for the jury to decide as to whether they identified the same person, that is the defendant, particularly is this true where the paper, as in this case, gives the name "Johnson" when giving the name of the licensee and spelling it "Johnston" when giving his name as owner of the building where the business was to be conducted. Where two names are presented to the consideration of the court, the inference that they designate the same individual is strong in proportion as to the difference between the two are slight; and, conversely, the inference of identity is weak as the points of difference between the two names are numerous and marked. 2 Chamberlayne's Modern Law of Evidence, Sec. 1190.

As to the second contention, that said certificate of the U. S. Revenue Collector became *functus officio* as evidence at the first trial and conviction of the defendant, and that the statute does not make said certificate evidence of a sale of liquors as a second offence which by the statute is made a felony, the first offence being simply a misdemeanor, we think that it, too, is untenable. Section 1 of Chapter 5688, laws approved May 11th, 1907, makes such certificate of the U. S. Revenue Collector prima facie evidence in all the courts of this State that the person holding, owning or having in possession or paying for a license or tax stamp to the United States authorities as a dealer in intoxicating liquors, is a dealer in such intoxicants, not expressly as a second offence, but simply of the fact that during the time covered by such U. S. Revenue license the holder thereof is or was

a dealer in such liquors. Of course the prosecutor in the trial of a party for a second offense must show by evidence *aliunde* the first conviction and a dealing in or sale of intoxicants subsequently thereto that was not covered by or included within the charge upon which the first conviction was based, but this does not detract from the value of the U. S. Revenue license as *prima facie* evidence of the bare fact that the holder or owner thereof was, during the whole time covered by such license, a dealer in intoxicants, whether under it he made one sale, or from day to day and from month to month made continuous and repeated sales thereunder, after having been convicted for the offense of making the first, second or third sale thereunder. There was no error in this ruling.

At the trial the court sustained an objection of the State's Attorney to the following question propounded by the defendant on the cross-examination of a State's witness: "You have been here for several cases for the State, whiskey cases, as a witness, have you not?" This ruling is assigned as error. There was no error in this ruling. While great latitude should be allowed in the cross-examination of a witness to show his inclination, bias, interest or prejudice, yet we cannot see that the discarded question tended to elucidate either of these, nor did it tend to discredit the veracity of the witness. While the trial court would not have committed error if he had permitted said question, yet we cannot adjudge his disallowance of it to be reversible error.

At the trial a witness for the State testified that he was a wholesale dealer at Pensacola, Florida, in liquors, wines and beer, that he had sold much of such goods to the defendant before his first conviction, for which the defendant had always paid him and that he had great

confidence in the defendant; that the defendant and one Jernigan came to his place of business in Pensacola together, and Jernigan wanted to buy some liquors on credit; that not being acquainted with Jernigan, he told the defendant if he would guarantee the payment for the goods sold to Jernigan he would let him have them, to which proposition the defendant agreed provided the witness would allow and pay to him the defendant a commission on all sales to Jernigan which the witness agreed to do, and did do; that thereupon he shipped considerable quantities of whiskey and beer to Jernigan at Milton, Florida, the bills of lading or invoices for such shipments being made to Jim Jackson and Jack Johnson as Jernigan ordered them to be shipped, but that Jernigan was the party for whom such shipments were intended, and that that was the business that the defendant guaranteed payment for, and upon which he received the agreed commission. In connection with the evidence of this witness the State offered in evidence the said bills of lading or invoice slips for the liquors so shipped to Jernigan in the names of the two parties Jim Jackson and Jack Johnson, but the defendant objected to their admission in evidence because it was not shown that he was connected therewith in any way, but the court overruled the objection and admitted said invoice slips in evidence, to which exception was taken. The defendant afterwards moved to strike the evidence of the said wholesale liquor dealer and said bills of lading or invoice slips, but the court refused to strike either, to which ruling exception was taken, and these two rulings are assigned as error. There was no error in either of these rulings. The evidence showed that the defendant, subsequent to his first conviction, ostensibly conducted a pool table business in the front part of a build-

ing at Milton, in Santa Rosa County, owned or leased by him and that liquors and beer were sold in the back part of said building ostensibly by the Jernigans, but in reality by the defendant, in a room screened off from the front room by curtains, one or two sales at least of whiskey and beer in such back room being brought home by two witnesses to the defendant in person. All of the evidence objected to and sought to be stricken tended to establish a criminal connection of the defendant with the illicit sales of liquors conducted ostensibly by the Jernigans, but in reality by defendant, in other words it all tended to demonstrate the shifts and subterfuges resorted to by the average proprietor of a typical "blind tiger," to give it its modern nomenclature.

The fifth assignment of error challenges the correctness of the court's ruling in overruling the defendant's objection to the following question propounded by the State's Attorney to a State witness: "You remember about the time Johnson plead guilty to selling liquor in the County Judge's Court, I want to know from whom you did buy right up to the time?" The sole objection made by the defendant in the court below to this question was on the ground that it was leading. In the brief and argument made here by the defendants' attorney this, the only ground of objection to the question made and ruled upon in the court below, is not touched or mentioned.    Under these circumstances we must treat this assignment as being abandoned here. It is the settled rule here that a plaintiff in error or appellant is confined in argument to the specific grounds of objection stated in the court below. If he fails to argue these grounds the assignment will be treated as abandoned.    Jenkins v. State, 35 Fla. 737, 18 South. Rep. 182; Camp v. Hall, 39 Fla. 535, 22 South. Rep. 792; Flor-

ida Cent. & P. R. Co. v. Foxworth, 41 Fla. 1, 25 South. Rep. 338; Brown v. State, 44 Fla. 28, 32 South. Rep. 107; Hoodless v. Jernigan, 46 Fla. 213, 35 South. Rep. 656; Mathis v. State, 45 Fla. 46, 34 South. Rep. 287; Brown v. Bowie, 58 Fla. 199, 50 South. Rep. 637.

The sixth assignment of error is wholly abandoned here, not being mentioned in the briefs.

The defendant requested the court to give the three charges following: "If you believe from the evidence in the case that Hazel Johnston was paid by Elkan a commission on the account of Eugene Jernigan for guaranteeing that account, you cannot convict him on Elkan's testimony, and that you must believe from all the evidence, beyond a reasonable doubt, that he was interested in the liquor, or the sale thereof, if any was sold, by Eugene Jernigan, or that he himself sold liquor in Santa Rosa County, Florida, between the dates October 27th, 1911, and June 6th, 1912. The evidence that you have heard is all that you are to be governed by in finding the verdict."

"If Johnston was merely security for the payment of Jernigan's bills, unless you believe from all the evidence beyond a reasonable doubt that Johnston sold whiskey or intoxicating liquors of some description himself or was interested in the sale of such liquors by Jernigan, you cannot convict the defendant."

"The weakest link in the chain of circumstances, where circumstantial evidence is relied on for a conviction, is the measure of the strength and weight of the evidence, and considering all the evidence in this case, unless you are convicted beyond a reasonable doubt of the defendant's guilt, you cannot convict him on circumstances proved unless such circumstances in connection with all

the other evidence convince you of his guilt beyond a reasonable doubt."

But the court refused to give either of them. Exceptions were severally taken to such refusals and such rulings are severally assigned as the seventh, eighth and ninth assignments of error. We do not think there was error in the refusal of the court to give either one of these charges. The gist of all of them was more clearly and accurately covered by the court's general charge. And they also tend to confuse the jury and the issues in the case.

The tenth and last assignment of error, the denial of the defendant's motion for new trial, is abandoned here, except as it is coverd by the other assignments already considered.

Finding no reversible error, the judgment of the court below in said cause is hereby affirmed at the cost of the plaintiff in error, there being no adjudication of his insolvency by the court below.

SHACKLEFORD, C. J., AND COCKRELL, HOCKER AND WHITFIELD, J. J., concur.