W. R. RHODES, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed October 29, 1917.

1. The rule of *idem sonans* should not be restricted to mean that the sounds produced by dissimilar spelling, must be identical, or indistinguishable from each other, but that they should be sufficiently alike in sound as not readily to suggest a difference to the mind of the hearer.

2. Where two names are presented to the consideration of the court, the inference that they designate the same individual is strong in proportion as the difference between the two is slight; and, conversely, the inference of identity is weak as the points of difference between the two names are numerous and marked.

Writ of Error to Criminal Court of Record for Hillsborough County, Lee J. Gibson, Judge.

Judgment affirmed.

*Andrews & Williams,* for Plaintiff in Error;

*T. F. West,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

BROWNE, C. J.—W. R. Rhodes was convicted in the Criminal Court of Record of Hillsborough County, of assault with intent to murder in the second degree, on an information charging him with having committed the assault with intent to murder, upon one A. M. Doke, and seeks reversal here on writ of error.

Motions in arrest of judgment and for a new trial were denied.

The testimony shows that the party upon whom the assault was made was A. M. Doke, and it is contended by the plaintiff in error that there was a fatal variance between the allegation and the proof of the name of the prosecuting witness.

The error in the information as to the name of the assaulted party was not brought to the attention of the court until after the verdict, which did not name the party upon whom the assault had been committed, but was in these words: "We the jury find the defendant

guilty of assault with intent to commit murder in the second degree, so say we all."

A number of cases are cited by counsel for plaintiff in error, and for the State, where a variance between spelling of a name in an information and the testimony, was held fatal in some cases, and in others not. They are illustrative, but not convincing of anything except that each case must be judged by itself. This will be seen by an examination of some of the cases. Thus in Iowa ·(Fletcher v. Conly, 2 Green, 88), "Conly" was held to have the same sound as "Conolly," while in United States v. Wilson and Porter, 1 Baldwin, 78, text 83, "Byrly" and "Byerly" were held not *idem sonans*. In Tennessee, "Elliott" and "Ellett" were considered *idem sonans* (Roberson v. Winchester, 85 Tenn. 171, 1 S. W. Rep. 781) ; but in Alabama, "Mulette" was not regarded as having the same sound as "Merlette" (Merlette v. State, 100 Ala. 42, 14 South, Rep. 562). We might extend these illustrations at length, but we will content ourselves with referring to the title "Names," 29 Cyc. 271. to 275, where a very full collection can be found.

The rule of *idem sonans* should not be restricted to mean that the sounds produced by dissimilar spelling, must be identical or indistinguishable from each other, but that they should be sufficiently alike in sound as not readily to suggest a difference to the mind of the hearer.

In State v. Thompson, 10 Mont. 549, 27 Pac. Rep. 349, the court said, "If the difference in the sound of a name is so slight that the ear cannot readily detect the difference, the names are *idem sonans*."

Our own court has had occasion to pass on cases where the question of *idem sonans* was considered, and in the case of Reddick v. State, 25 Fla. 112, 5 South. Rep. 704, the court said, "It is not every variance between the

name of the deceased as laid in the indictment, and his true name that is fatal. If the name of the deceased as laid in the indictment, and his true name are *idem sonans* the variance is immaterial. There is but little difference in the spelling of the two names—Churchill and Churchwell, and the similarity of sound is very striking." In Ewert v. State, 48 Fla. 36, 37 South. Rep. 334, this court held that the name "Evert" was so nearly like the correct orthography of the name "Ewert" as to make it sufficient under the rule of *idem sonans*. In Johnson v. State, 51 Fla. 44, 40 South. Rep. 678, "Augustus Hays" was one of the parties indicted, and the jury found "August Hase" guilty, and this court held that this was not a fatal variance. In the case of Johnston v. State, 65 Fla. 492, 62 South. Rep. 655, Mr. Justice TAYLOR who delivered the opinion of the court said, "Where two names are presented to the consideration of the court, the inference that they designate the same individual is strong in proportion as the difference between the two are slight; and, conversely, the inference of identity is weak as the points of difference between the two names are numerous and marked."

It is not contended by the plaintiff in error that the assault was not made on the person who appeared as the prosecuting witness, nor that, because the assaulted person's name was not properly spelled in the information, the defendant was in anywise misled in the preparation of his defense. It is true that the letters p. and k. when uttered alone are dissimilar in sound, but when heard in the names "Dope" and "Doke" it is quite apparent that even an attentive ear will find difficulty in distinguishing them.

Counsel for plaintiff in error in the last paragraph of his brief unwittingly concedes this similarity, for not-

withstanding the fact that the information was read in his presence, and the name "Dope" appeared therein five times, and six witnesses testified who pronounced the word "Doke," counsel for plaintiff says that "the error complained of" (the variance between the name as spelt in the indictment, and as proven by the witnesses) "glaring as it now appears, in some way escaped the attention both of ourselves and of the learned counsel who represented the State, in the confusion of the preparation of the trial of the case, and was not discovered until after the jury had returned its verdict." Counsel was no doubt lending an attentive ear to everything that occurred during the progress of the trial, and if he failed to detect any difference in the sound of the names "Dope" and "Doke" it would seem to support our finding that they come within the rule of *idem sonans.*

Judgment of the lower court is affirmed.

TAYLOR, WHITFIELD AND ELLIS, J.J., concur.

WEST, J., disqualified.