WILLIAM MEYERS, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion filed November 1, 1922.

Petition for rehearing denied December 12, 1922

1.  Where the record does not show affirmatively that an accused person of mature age unable to employ counsel was denied the benefit of the assistance of one, it must be presumed that the trial judge did his duty and that the accused waived the benefit of counsel. (Cutts v. State, 54 Fla. 21, 45 South. Rep. 491.)

2.  It is not error to overrule a motion for a new trial, upon conviction of forgery, on the ground that the verdict is not supported by the evidence where the instrument offered and received in evidence corresponds to the writing alleged to have been forged and set out in full in the indictment, although it may not correspond with descriptive words inaptly employed in the indictment referring to the alleged forged writing.

3. Under the rule of *idem sonans* the difference in spelling and sound of the words "Strahn" and "Strahm" is so slight as not to amount to a variance where one is alleged and the other proved as the name of the maker of a check alleged to have been forged.

4. The use of inapt descriptive words in an indictment for forgery, referring to an instrument alleged to have been forged which is set out in full in the indictment and shows on its face the inaccuracy of the descriptive words employed, is not such a defect as to vitiate the proceedings and judgment of guilt of the alleged forgery, and an order of the trial court overruling a motion in arrest of judgment upon the ground that such imperfection is a fatal defect is not error.

A Writ of Error to the Circuit Court for DeSoto County, George W. Whitehurst, Judge.

Affirmed.

*W. D. Bell,* for Plaintiff in Error:

*Rivers Buford,* Attorney General, and *J. B. Gaines,* Assistant, for the State.

WEST, J.—In an indictment returned by a grand jury of DeSoto County, the defendant, plaintiff in error here, was indicted in two counts, the first charging forgery, the second charging an uttering by the defendant of the instrument alleged to have been forged by him. Upon the trial a verdict of guilty as charged was returned. To review the judgment imposing sentence writ of error was taken from this court.

The first contention is that the court erred in requiring defendant to go to trial without counsel. It appears from the record that the indictment was returned De-

cember 8, 1921, and the defendant was arraigned on the same day and entered a plea of not guilty. When the case was called for trial two days later defendant appeared in court not represented by counsel and announced that he was not ready for trial. The State announced ready and the court ordered that the trial proceed. Why he was not ready is not stated. It is not suggested that he desired counsel or that he intended to and would procure counsel to conduct his defense if further time was allowed. So far as the record discloses the defendant is of mature years and was able to obtain counsel if he had desired to do so. In Cutts v. State, 54 Fla. 21, 45 South. Rep. 591, this court said: ''Every person accused of crime has a right to have counsel to aid him in his defense, but no one is compelled to employ counsel. If the record fails to show whether the accused had counsel or not, or even if it shows that he did not have counsel, it is not ground for reversal, unless it further appears that the right to have counsel was denied. It is not to be presumed that the right was denied.'' The assignment that defendant was required to go to trial without counsel cannot be sustained.

The order overruling defendant's motion for new trial is assigned as error. This assignment presents the question of the sufficiency of the evidence to sustain the verdict returned. The indictment charges the forgery and the uttering of a forged writing obligatory and sets out in full the instrument alleged to have been forged. It purports to be a check of V. S. Strahn drawn upon the DeSoto National Bank of Arcadia, payable to the order of H. D. Myers. The contention upon this assignment is that the words ''writing obligatory'' employed in the indictment are technical and imply a written instrument under seal. The instrument set out in the indictment is

not under seal, nor is the check itself, which was introduced as evidence in the trial of the case, under seal. Since the instrument, the alleged forgery of which is the basis of the prosecution, is made a part of and copied into the indictment, even if it be admitted that the term "writing obligatory" implies a written instrument under seal, it cannot be said that there is a variance between the allegation and the proof because the check offered in evidence is not under seal, for the reason that the instrument as set out in the indictment is not a sealed instrument. The state cannot be held to proof of a sealed instrument because of the use of inapt words in an indictment in describing an alleged forged instrument when the instrument itself is contained in the indictment and shows upon its face the inaccuracy of the descriptive words employed in referring to it. 1 Wharton Crim. Proc. Section 683; Miller v. State, 71 Fla. 338, 78 South. Rep. 280; People v. Kemp, 76 Mich. 410, 43 N. W. Rep. 439; Garmire v. State, 104 Ind. 444, 4 N. E. Rep. 54; Powers v. State, 87 Ind. 97.

The names "Strahn" appearing as drawer of the check set out in the indictment and "Strahm" appearing as the drawer of the check offered in evidence are so nearly similar as not readily to suggest a difference to the hearer. Under the rule of *idem sonans* the difference in spelling and sound of the two words is so slight as not to amount to a variance. Rhodes v. State, 74 Fla. 230, 76 South. Rep. 776; Johnson v. State, 65 Fla. 492, 62 South. Rep. 655; Johnson v. State, 51 Fla. 44, 40 South. Rep. 678; Ewert v. State, 48 Fla. 36, 37 South. Rep. 334; Reddick v. State, 25 Fla. 112, 5 South. Rep. 704.

The last assignment is based upon the ruling of the trial court denying defendant's motion in arrest of judgment. Under this assignment it is urged that the indict-

ment in each of its counts contains contradictory and repugnant allegations, that it is vague and indefinite and therefore fatally defective. We have alluded to the allegations which are said to be repugnant and contradictory. The descriptive words contained in the indictment alleged to be repugnant to the tenor of the instrument itself will be disregarded. This contention cannot be sustained, particularly upon a motion in arrest of judgment. Studstill v. State, 83 Fla. 623, 92 South. Rep. 151; Ward v. State, 83 Fla. 311, 91 South. Rep. 189; Clifton v. State, 76 Fla. 244, 79 South. Rep. 707.

The judgment will be affirmed.

Affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.