MRS. JESSIE ALTMAN, a widow, JOHN ALTMAN, ERNEST ALTMAN, and ADOLPHUS ALTMAN, *Plaintiffs in Error,* v. L. N. SIMON and F. J. WATKINS, *Defendants in Error.*

147 So. 222.

Opinion filed March 23, 1933

*Joe Hatfield,* of West Palm Beach, for Appellants.

BARNS, Circuit Judge.—This is an act of ejectment and to the plaintiffs' declaration, defendant filed pleas of (1) not guilty, and (2) denying possession of property described in plaintiffs' declaration. From verdict and judgment for

plaintiff, defendant brings error and assigns twenty-seven errors.

The plaintiffs' title paper is fully deraigned except for a deed referred to in the first assignment.

The first assignment of error goes to the admission in evidence of plaintiffs' exhibit "C" which is a master's deed from J. M. Lee purporting to convey the land in dispute, and a link in plaintiffs' chain of title, the basis of the objection being:

"We object to this on the ground it does not show that the grant came from the Disston Land Company."

"Objection overruled. Admitted and marked plaintiffs' Exhibit C. Exception by defendants."

Said deed is dated the 8th day of March, 1901, and purported to convey the interest of *Deston* Land Company, when the record at the time showed the land to be vested in *Disston* Land Company.

The authenticity of this deed is not questioned and is covered by C. G. L. 4387 (R. G. S. 2720).

The objection made when offered evidently was by reason of the variance between the word "Deston" and "Disston." The doctrine of *idem sonans* is applicable here and *Deston* will be taken to read *Disston,* and particularly so by reason of the antiquity of the deed in question.

"It is well settled that the fact one conveys land by a name somewhat different from that by which he was described in the recorded instrument by which he obtained title, the identity of the grantor as the title holder being presumed if the names are *idem sonans,* and being a matter of proof if they are not, and accordingly the marketability of the title is not affected thereby."

19 R. C. L. 1336

The plaintiff identified the land called for in his claim

of title, by a surveyor who testified he located it by using the United States filed notes and the original survey as made by the United States Government.

"A grant of land from the United States government, according to the legal subdivisions established by the United States survey, presupposes an actual ground survey of the land, and the patent must be considered as conveying the land as actually surveyed.

"When a line was actually run and a division made in an orignal survey of land by the United States government, and the line or division was marked by corners or natural objects, and such survey be established in accordance with the United States field notes, the grantee in a patent from the government will take according to such actual survey, notwithstanding any mistaken description as to courses and distances, or the quantity of land stated to be conveyed."

Stonewall Phosphate Co. v. Peyton, 23 So. 440, 39 Fla. 726.

"The quantity of land in a patent is controlled by the boundaries, and the boundaries as located by the government surveyor must control in locating the quantity of land in a patent."

Clark on Surveying & Boundaries 49, citing Stonewall Phosphate Co. v. Peyton, 23 So. 440, 39 Fla. 726.

No final decree or order confirming sale was offered in support of the master's deed.

"Where plaintiff relies upon prior possession of a predecessor from whom he has acquired title by a judicial sale as giving him a right to recover, he must prove such possession since the rendition of the judgment or decreee upon which the sale was made. Jones v. Loftin, 16 Fla. 189; Hartley v. Ferrell, 9 Fla. 374; 5 Enc. of Ev. 11."

Bunch v. High Springs Bank, 89 So. 121, 81 Fla. 450.

The plaintiffs testified that they "acquired possession" and that the plaintiff Simons, at the time of a conveyance to him, was "in possession of the premises" and "had possession of them ever since until these defendants entered." Such was not contradicted by any other testimony. The law applicable here is that

"It is extremely doubtful whether testimony in *haec verba* that a party was in possession of the land is of any weight. Possession may often be a matter of opinion. In proving possession of land the facts should be shown which in law constitute possession."

Fla. Southern Ry. Co. v. Burt, 18 So. 581, 36 Fla. 497.

See also: Horton v. Smith-Richardson Inv. Co. 87 So. 905, 81 Fla., 255.

However, the possession of a plaintiff in an ejectment suit when his documentary evidence is lacking is not required to measure up to the standard required of one attempting to establish a title by adverse possession.

"Where a party in peaceable possession of land is ousted by a bare trespasser, who enters without any right or claim of title, the ousted party may recover upon proof of prior possession; and it is not necessary for such recovery that such possession should have been held for the time and in the manner required by statute for a prescriptive title.

Jackson v. Haisley, 35 Fla. 587, 17 So. 631.

"But the possession acquired by the plaintiff in order to recover in ejectment, where his documentary evidence is lacking, does not go to the extent demanded in order to ripen an adverse possession into legal title. He is entitled to recover against the defendant on the strength of his prior actual peaceable possession of the premises under claim of ownership, apart from the validity or sufficiently of the muniments of title introduced by him as against a mere tres-

passer on the land or one claiming only under a later possession."

10 Am. & Eng. Ency. of Law 486 Citing Ashmead v. Wilson, 22 Fla. 255; L'Engle v. Reed, 27 Fla. 345; Fla. So. Ry. Co. v. Burt, 36 Fla. 497; Jackson v. Haisley, 35 Fla. 587, citing 6 Am. & Eng. Ency. of Law 227; Goodwin v. Markwell, 37 Fla. 464.

It is our opinion that this assignment of error is not well founded.

The other twenty-six assignments of error have been read and carefully examined. To set forth these remaining twenty-six assignments of error, most of which go to objections to the introduction of testimony or motions to strike same, would serve no useful purpose.

As to these errors going to trial procedure, we find them either not to be error or else harmless, and as to the requested instructions refused, we find such likewise to be either inapplicable or covered sufficiently by other charges.

Finding no reversible error the cause is affirmed.

Affirmed.

DAVIS, C. J., and WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.