**PLATT CATTLE COMPANY, a corporation, v. RAY O. STOTT, also known and sometimes called Roy O. Stott, and Noy Stott, his wife.**

25 So. (2nd) 655

April 12, 1946

January Term, 1946

Division A

*G. P. Garrett,* for appellant.
*Russell Snow,* for appellee.

BUFORD, J.:

Ray O. Stott, also known and sometimes called Roy O. Stott, and Noy Stott, his wife, sued Platt Cattle Company in ejectment for possession of all of section 25 in Township 26, South, Range 36 East claiming title and right of possession to said lands and mesne profits since the 4th day of October, 1943.

Plaintiffs claimed their alleged right under and by virtue of a tax deed issued to Roy O. Stott and Noy Stott, his wife, dated August 4th 1941 under tax certificate No. 986 issued to the State Treasurer on July 5th 1937 and sold and assigned by endorsement by G. M. Simmons, Clerk of the Circuit Court of Brevard County to plaintiff Roy O. Stott and Noy Stott, his wife, on the 27th day of June, 1941. On June 27th 1941 G. M. Simmons, Clerk of Circuit Court of Brevard County, Florida. issued his receipt for $510.99, the amount due for the purchase of the certificate including omitted taxes, interest and costs to Ray O. Stott and Noy Stott, his wife, 814 Los Olas Ave., Ft. Lauderdale, Fla. To the declaration the defendant filed plea of not guilty and a bill of particulars in which it deraigned its title under stipulation beginning with the deed to W. E. Terry, Jr., and deraigning its title from there to deed from Orlando Atlantic Beach Company to Platt Cattle Company, a corporation, dated October 4, 1943, filed October 6, 1943, recorded in Deed Book 268, page 550, but did not show conveyance from Henry George School of Social Science to Frank H. Hennessy dated January 22, 1937, and recorded in Deed Book 231, page 352, Public Records of Brevard County, Florida.

Thereafter, various pleadings and stipulations were filed. The matter was then brought on before the court for the settling of pleadings and the court, after hearing counsel on the matters presented, entered orders which disposed of the various pleadings and motions thereon. These orders left the defendant with no alleged matters of defense under which it could prevail.

On October 24, 1945, the defendant, under Rule 85, caused a statement to be filed in the cause as follows:

"Comes now the defendant in the above cause and, pursuant to Rule 85, Common Law rule of practice governing Circuit Court rules of Florida, states that the defendant has determined that, in view of rulings heretofore made by the Circuit Judge, it is unable to maintain its defense to the Plaintiff's cause of action. This the 18th day of October, A. D. 1945."—which statement was endorsed by the trial judge as filed before him on said date.

Thereafter, on October 24th 1945, the Court entered its order and judgment wherein it was, inter alia, ordered and adjudged as follows:

"IT IS ORDERED AND ADJUDGED that the plaintiffs, Ray O. also known as and sometimes called Roy O. Stott, and Noy Stott, his wife, are the owners, in fee simple, as tenants by the entirety, and have the right to the immediate possession of the following described real estate, towit:

"All of Section twenty five (25) in township twenty-six (26) south, range thirty-six (36) east, in Brevard County, Florida, containing six hundred forty (640) acres. more or less.

"IT IS FURTHER ORDERED that the plaintiffs do recover the possession of the said real estate from the defendant, Platt Cattle Company, and that a writ of habere facias possessionem be and it is hereby ordered to be issued, to be directed as required by law, putting the plaintiffs herein in possession of the real estate above described."

From this order, defendant appealed.

The defendant has presented here six questions for our consideration, as follows:

"1. Was the Clerk's Notice and Publication of notice and service of notice of application for tax deed on L. E. Fay, Cocoa, Florida; Charles O'C. Hennessy, New York City; Charles O'C. Hennessy, care John D. Shepard, Cocoa, Florida; and Frank H. Hennessy, Haworth, Bergen County, New Jersey, sufficient?

"2. Are *Ray* O. Stott and *Roy* O. Stott *idem sonans* so that the error in the proceedings precedent to the issuance of the

tax deed and in the tax deed in referring to Roy Stott instead of Ray Stott who was the proper applicant for tax deed was immaterial or amendable without need for publication of a new notice and holding of a new sale?

"3. Is a paper not signed by the applicant for a tax deed a sufficient application under the statutes?

"4. Was the tax deed involved in this proceeding valid where attested only by two witnesses, both of whom were deputy clerks in the office of the Clerk of the Circuit Court issuing the tax deed?

"5. Was the endorsement by the Clerk of the original tax certificate sufficient though not attested by the Clerk's official seal?

"6. Did the Clerk of the Circuit Court have the legal authority to issue a tax deed on the tax certificate aforesaid?"

In determining the First question it is sufficient to say that the record shows the mailing of notice of application for tax deed to Frank H. Hennessy, Haworth, Bergen County, New Jersey, and it also shows by the undenied allegation of the replication that Frank H. Hennessy held the title to the lands involved at the time the application was made and at the time the tax deed was issued under deed recorded in Public Records of Brevard County, Florida, in Deed Book 231, page 352. If Frank H. Hennessy is the owner of the property and he is so admitted to be by the record, then it was not necessary to mail notice of application for tax deed to anyone else.

Question Two may be disposed of by saying that throughout the suit the plaintiff is described as Ray O. Stott, also known and sometimes called Roy O. Stott and it is unquestioned that Ray O. Stott and Roy O. Stott is one and the same person and that he was one of the parties who bought the certificate, applied for the tax deed and received tax deed. So it is clear that regardless of the amendatory tax deed issued by the Clerk at a later date, the first tax deed was sufficient to pass title to Ray O. Stott and Noy Stott, his wife, as an estate by the entireties. Not only does the record show that Ray O. Stott was also known and sometimes called Roy O. Stott, but it is also apparent that the two names, Ray and Roy, are so much alike that they may be called idem sonans.

See Rhodes v. State, 74 Fla. 230, 76 So. 776, and cases there cited.

Under question 3 the contention is that it is necessary for the applicant to sign a written application to the Clerk for the issuance of a tax deed. We find nothing in the statutes and no citation of any statute by the appellant which sustains this contention. The statute in effect provides that the holder of a tax certificate may file such tax certificate with the Clerk of the Circuit Court of the County in which the lands described in such certificate are located and notify the Clerk that he desires the lands described therein, or any part thereof, capable of being readily separated from the whole, advertised for sale. The record shows that this was done and the advertisement was accordingly made.

Question 4 appears to us to be without any merit whatever. The subscribing witnesses to the deed subscribed their names as individuals and not as deputy clerks.

As to the contention raised by the 5th question the statute in force at the time the certificate was assigned or transferred to the Stotts provided that all tax certificates heretofore or hereafter issued, whether to the State or to individuals, shall be transferable by endorsement at any time before they are redeemed or a tax deed is issued therefor. See Sec. 982 C.G.L. and Sec. 193.60 Fla. Statutes 1941 (same F.S.A.).

So we hold that the endorsement shown on the certificate is sufficient evidence that it was transferred and assigned to the Stotts. Aside from this, it is admitted on the record that the Stotts did purchase the certificate and were holders of the same at the time they applied for tax deed.

Under question 6 it is contended that under the provisions of Sec. 193.16 Fla. Statutes 1941 (same F.S.A.) all certificates issued for delinquent taxes assessed for the year 1940 or prior years are cancelled and discharged. We can read no such intendment in the statute. That section of the statute merely provided for the assessment of the lands covered by such certificates on the assessment rolls for 1941 and subsequent years, regardless of the existence of outstanding tax certificates.

Finding no reversible error reflected in the record, the judgment is affirmed.

So ordered.

CHAPMAN, C. J., TERRELL and ADAMS, JJ., concur.