TERRELL, Justice.
This case has been adjudicated on two previous occasions. Alford v. Moore, Fla., 48 So.2d 754, and Alford v. Sinclair, Fla., 55 So.2d 227. The instant appeal proposes three questions but we are convinced that the second question is the only one that requires exploration at this time. What is said in respect to this question will in effect dispose of the other questions.
The original title holder of the land in litigation was “Myrtle Danley.” Appellant deraigned title through an in rem municipal tax foreclosure in which the service by publication named “Myrtle Danby" as the former owner. Was the service and foreclosure void because the name of ‘‘Myrtle Danby” was substituted for “Myrtle Danley” in the service by publication and elsewhere in the foreclosure proceedings?
Appellants contend, that the designation of Myrtle Danley in the tax lien foreclosure and the .subsequent service by publication and final decree as “Myrtle L. Dan-by”. is sufficient under the doctrine of idem sonans while appellees contend that the doctrine of idem sonans is inapplicable here because defendant’s correct name was Alice Myrtle Danley , yrhich is not idem sonans with “Myrtle Danby.” Appellees also contend that a more strict application of the doctrine is required in constructive service, as in this case, than is required where actual service on the defendant is secured. For discussion of this rule see 72 C.J.S., Process, § 15, .p. 1012, Webb v. Ferkins, 227 Iowa 1157, 290 N.W. 112; Schoenfeld v. Bourne, 159 Mich. 139, 123 N.W. 537, 30 L.R.A.,N.S., 122; King v. Slepka, 194 Okl. 11, 146 P.2d 1002; Le Boeuf v. Papp, 243 Mich. 318, 220 N.W. 792; Nycum v. Raymond, 73 Iowa 224, 34 N.W. 819 and Mercer v. Stephens, 185 Mich. 290, 151 N.W. 1032. In Emric v. Alvarado, 90 Cal. 444, 27 P. 356, the doctrine of idem sonans was rejected.
The application of the idem sonans doctrine in this state has most often occurred in criminal cases, Reddick v. State, 25 Fla. 112, 433, 5 So. 704; Ewert v. State, 48 Fla. 36, 37 So. 334; Johnston v. State, 65 Fla. 492, 62 So. 655; Myers v. State, 84 Fla. 508, 94 So. 507; Rhodes v. State, 74 Fla. 230, 76 So. 776; Whitman v. State, 97 Fla. 988, 122 So. 567; Altman v. Simon, 109 Fla. 196, 147 So. 222; Platt Cattle Co. v. State, 157 Fla. 286, 25 So.2d 655 and Burrows v. Hagerman, 159 Fla. 826, 33 So. 2d 34. None of the Florida cases involve service by publication but from an examination of the foregoing it may be stated as a general rule that each case turns on its particular facts but in each case where the names are similar in sound this court has held the variance not fatal, there being no material variance in spelling.
In the case at bar the variance in the sound of “Danley” and “Danby” is not substantial but w;e are of the opinion that such incorrect spelling of the family name in the published notice is such that the name. “Danby”. appears to the eye to be a distinct family name from “Danley” as to mislead anyone reading the notice. It cannot be said that the case is devoid of difficulty as we are asked to draw in this case a knife edge distinction as to which we rarely, if ever, reverse the lower court. There was no error in the order of the trial court refusing to admit in evidence the deed and other instruments showing appellant’s chain of title. The case is affirmed on authority of Schoenfeld v. Bourne, supra; Webb v. Ferkins, supra; King v. Slepka, supra; Collingsworth v. Hutchison, 185 Old. 101, 90 P.2d 416; and Burrows v. Hagerman, supra.
The judgment appealed from is accordingly affirmed.
Affirmed.
ROBERTS, €. J„ and DREW and PATTEN, JJ., concur.