## COMMONWEALTH *vs.* JAMES A. WARREN.

. Norfolk.   Jan. 28. — Feb. 23, 1887.   C. ALLEN & HOLMES, JJ., absent.

At the trial of an indictment for polygamy, it appeared that the first name of the defendant's first wife was spelled " Celeste " in the indictment.  The first wife testified that her first name was " Celestia."  She pronounced " Celeste " in two syllables, with the accent on the last.  There was no other evidence as to the pronunciation and sound of " Celeste."  *Held,* that the question of misnomer was rightly submitted to the jury.

INDICTMENT on the Pub. Sts. *c.* 207, § 4, alleging that the defendant, on April 21, 1871, at Manchester, in the State of New Hampshire, was lawfully married to one Celeste Scruton; and also that the defendant, on June 30, 1886, at Braintree, in this Commonwealth, unlawfully married one Anastatia Ring.

At the trial in the Superior Court, before *Blodgett,* J., the government called the first wife as a witness, and she testified, on cross-examination, that her name, at the time of her marriage with the defendant, was Celestia Scruton, and not Celeste.  The witness pronounced " Celeste " in two syllables, with the accent on the last.  There was no other evidence as to the pronunciation and sound of " Celeste."  After the evidence in the case was closed, the defendant asked the judge to rule that there was a variance between the name Celeste, as alleged, and the evidence; but the judge refused so to rule, and submitted the question to the jury, instructing them that, if they found that the names " Celestia " and " Celeste " were usually and ordinarily pronounced alike, there would be no variance.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*J. L. Eldridge,* for the defendant.

*H. N. Shepard,* Assistant Attorney General, for the Commonwealth.

GARDNER, J. The province of the court and jury in' cases like the present, is governed by the following rule : if two names, spelt differently, necessarily sound alike, the court may, as matter of law, pronounce them to be *idem sonans ;* but, if they do not necessarily sound alike, the question whether they are *idem sonans* is a question of fact for the jury. *The Queen* v. *Davis*, 4 New Sess. Cas. 611; 5 Cox C. C. 237; 2 Den. C. C. 233. In that case, the judge ruled, as matter of law, that " Darius " and " Trius " were *idem sonans.* The conviction was quashed, Coleridge, J., saying, that, " if the question had been left to the jury, there can be no doubt that a Dorsetshire jury would have found that Darius and Trius were the same name."

The case at bar is similar to that of *Commonwealth* v. *Donovan*, 13 Allen, 571, which was an indictment for larceny from John Mealy. The witness testified that his name was spelled Malay or Maley ; and that he was called Maley, but never Mealy. The court left it to the jury to say whether the name proved was *idem sonans* with the one in the indictment. After verdict of guilty, this court held that the question of misnomer was rightly left to the jury.

The court submitted to the jury, in the case at bar, the question whether the names " Celestia " and " Celeste " were usually and ordinarily pronounced alike. The jury were to determine this from their general knowledge, in the absence of evidence showing how they were usually pronounced, as in the cases above cited. In *Commonwealth* v. *Jennings*, 121 Mass. 47, evidence was before the jury as to the way the name was ordinarily pronounced. The ruling of the Superior Court was correct.

*Exceptions overruled.*