[Civ. No. 138.  First Appellate District.—February 24, 1906.]

## GEORGE L. TAIT, Respondent, v. J. S. McINNES, Appellant.

APPEAL—EXAMINATION OF EVIDENCE—APPELLANT MUST POINT OUT PARTICULARS.—The appellate court, in examining the evidence to determine whether it sustains the findings, will confine its examination to those particulars which the appellant points out in his brief or otherwise.

SALE—RECITALS IN RECEIPT.—A receipt merely reciting that the signer had received from the payer a certain sum of money in payment on a sale of a hotel and its contents is not conclusive evidence that the sale of such property was unconditional and complete.

ID.—CONDITIONAL SALE OF HOTEL BUSINESS ON OBTAINING LEASE—TENDER OF LEASE—DEPOSIT IN BANK.—Under a contract for the purchase and sale of the business of a hotel and its contents, by the terms of which the balance of the purchase price was to be paid when a lease of the premises for a specified term had been obtained from the owner thereof, the tender of such lease was a condition precedent to be performed by the seller in order to establish his right to the balance of the purchase price; and if the seller fail to see the purchaser personally, a mere deposit of the lease in a bank and notice thereof to the purchaser is not a sufficient tender.

APPEAL from a judgment of the Superior Court of Santa Clara County.  A. L. Rhodes, Judge.

The facts are stated in the opinion of the court.

J. H. Campbell, for Appellant.

William Hoff Cook, for Respondent.

HARRISON, P. J.—Action for money had and received. Judgment was rendered in favor of the plaintiff, and the defendant has appealed.

The complaint sets forth the plaintiff's cause of action in two counts: in the first of which he alleges that he paid to the defendant $900 as part payment upon a contract for the purchase of the business of a hotel and its contents in Los Gatos, and that the contract was thereafter mutually rescinded. In the second count he alleges that on August 24, 1903, the de-

fendant received from him the sum of $900 to and for his use, and has refused to pay the same upon demand therefor. The defendant denied that the contract of sale had been rescinded, or that he had received any money to the use of the plaintiff. He also filed a cross-complaint against the plaintiff, setting forth the contract referred to in the complaint and the receipt thereon of $900; that the plaintiff agreed to pay the further sum of $2,000 "when a good and sufficient lease of said premises for the term of three years had been obtained from the owner thereof"; that he had secured and tendered said lease to the plaintiff, together with a sufficient bill of sale; and that the plaintiff had refused to accept the same or to pay the $2,000. Wherefore he prayed judgment against the plaintiff for the sum of $2,000 in pursuance of said contract of sale. The cause was tried by the court, and findings of fact were made sustaining the allegations of the second count of the complaint and against the allegations of the cross-complaint. The present appeal is directly from the judgment upon the judgment-roll, with a bill of exceptions setting forth the evidence, and is urged solely upon the ground that the findings of fact are not sustained by the evidence.

As the appellant has failed to point out, in his brief or otherwise, the evidence, or any one of the particulars thereof, wherein it fails to sustain the findings, and has made no reference to the transcript except in two respects, we shall confine our examination to those particulars. (See *Brovelli* v. *Bianchi,* 136 Cal. 612, [69 Pac. 416].)

(a) He refers to a receipt signed by the defendant, concerning which he says: "The receipt proves that the sale was unconditional and complete; $2,000 remained to be paid, and this was never tendered to Mr. McInnes." This receipt is as follows, viz.: "August 24, 1903. Received from George L. Tait nine hundred and 00-100 dollars. In payment on sale of Los Gatos Hotel and contents. J. S. McInnes." There is nothing upon the face of the receipt from which it can be ascertained that $2,000 remained to be paid; and, instead of "proving" that the sale was complete and unconditional, it merely shows that the defendant received $900 from the plaintiff as a payment on the same. The terms of the sale are not given therein; and if, as found by the court, the parties entered into no agreement for a sale, but made only an attempt

at an agreement, the plaintiff is entitled to a return of the money paid by him.

(b) The court found that the defendant never tendered to the plaintiff the necessary papers for the consummation of any sale of the property, and did not tender to the plaintiff a bill of sale of said property, or a lease by the owner of the hotel to the plaintiff. Upon this finding the specification in the bill of exceptions is as follows: ''There is no evidence that the defendant did not tender to the plaintiff a bill of sale of said property, and a lease by the owner of said hotel to said plaintiff.'' The tender of this lease was a condition precedent to be performed by the defendant in order to establish his right to the $2,000 claimed in his cross-complaint; and it was incumbent on him to show affirmatively that it had been tendered. In support of his specification of error the appellant says in his brief: ''The appellant tendered the necessary papers of transfer at Dr. Tait's house, and failing to see the doctor personally, put the papers in a bank at Los Gatos and notified Dr. Tait thereof.'' Assuming that this is a full and correct statement of all the evidence in the record which tends to show that any tender was made, it is in itself an admission that the defendant did not tender the necessary papers of transfer to the plaintiff. We have not been cited to any provision of law by which the defendant was authorized to make such deposit of the papers merely because he failed to see the plaintiff personally, or that a deposit of the papers in a bank and notice thereof to the plaintiff was equivalent to a tender of them to the plaintiff.

The judgment is affirmed.

Hall, J., and Cooper, J., concurred.