[Civ. No. 359.   First Appellate District.—September 11, 1907.]

# J. FRANK WALTERS, Respondent, v. GEORGE M. MIT-CHELL, Appellant.

VENDOR AND PURCHASER—CONTRACT OF SALE—TITLE NOT OF RECORD—MATTERS IN PAROL—RECOVERY OF DEPOSIT.—One who contracts to purchase land from a vendor, agreeing to give a good title, has the right to a title fairly deducible of record and free from reasonable doubt or litigation, and not depending upon matters resting in parol. Where there are defects in the title of record not cured within the time limited, and the vendor has agreed to return a deposit in that event, the purchaser is entitled to recover the deposit.

ID.—RECORDED DEED—MISNOMER OF GRANTEE—IMPROPER CORRECTION.—Where a duly acknowledged and recorded deed placed the title of record in George F. Terschuren, if the grantee was misnamed, the grantor could not, by a subsequent deed to Gerhard F. Terschuren, correct an error in the grantee's name, or place a new title of record in a different grantee.

ID.—INSUFFICIENT REFORMATION BY DECREE—SUIT AGAINST ADMINISTRATOR OF GRANTOR—GRANTEE NOT A PARTY—DECREE NOT IN REM.—A decree in a suit by the purchaser and Gerhard F. Terschuren, his grantor, brought merely against the administrator of the original grantor, without making George F. Terschuren a party or publishing summons against him so as to obtain a decree *in rem*, in which the court assumed to reform the deed to George F. Terschuren, for alleged mistake in the name of the grantee, could have no more effect to cure the defect in the title than the second deed of the grantor. The decree could only conclude the administrator, who had no title, after the deed by his intestate to George F. Terschuren.

ID.—TITLE TO SATISFACTION OF ATTORNEY—QUESTION OF MARKETABLE TITLE.—The fact that an attorney for the plaintiff, who was not authorized to waive any objection to the title, expressed himself as satisfied with the title, cannot conclude the plaintiff. The plaintiff had the right to the advice of other attorneys, and the question would still be whether the title was marketable within the meaning of the law.

ID.—OVERHANGING EAVES—PAROL PROMISE.—Where there were eaves of an adjoining house overhanging the property, the purchaser was not required to accept a parol promise by the owner of the adjoining house to remove them at any time.

ID.—SUFFICIENCY OF COMPLAINT—TENDER AND DEMAND FOR DEED NOT REQUIRED—NOTICE OF WILLINGNESS TO PAY FOR PERFECT TITLE.—

Where the complaint shows that the time to perfect the title has expired, and the title has not been perfected, it is not necessary that the complaint to recover the deposit should aver a tender of the purchase money and a demand for a deed, but it is sufficient that it alleges that the defects were pointed out and that the vendor was notified that the purchaser would pay the balance of the purchase price upon receiving a perfect title as agreed.

ID.—FORFEITURE OF DEPOSIT—BURDEN UPON VENDOR—TENDER OF DEED. Where the vendor claimed that the deposit was forfeited, it was incumbent on him to show that a deed was tendered which would convey the property and the possession of it to the plaintiff.

ID.—SUFFICIENCY OF FINDINGS—OUTSTANDING TITLE—NAME IMMATERIAL.—Where the complaint alleged that the vendor did not own the property in question, and had no legal title thereto, and that the record title was in Gerhard F. Terschuren, the only material issue relates to the nonownership by the vendor, and a finding upon that issue is sufficient, and a finding that the title was outstanding in George F. Terschuren is immaterial.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. James M. Troutt, Judge.

The facts are stated in the opinion of the court.

E. W. McGraw, for Appellant.

H. M. Anthony, for Respondent.

COOPER, P. J.—This action was brought to recover $500, the amount of a deposit made by plaintiff with defendants, Baldwin and McCaw, real estate agents, on a contract for the purchase of a certain lot belonging to defendant Mitchell. Plaintiff recovered judgment, from which defendant Mitchell appeals on the judgment-roll and a bill of exceptions. The $500 was paid March 26, 1904, and was acknowledged by a writing, which described the lot as being situate on the northeasterly corner of Spruce and Clay streets, fronting forty feet and two inches on Spruce street, by a depth of one hundred and seven feet and six inches on the northerly line of Clay street. The contract provided that plaintiff should have thirty days in which to examine the title, and in case of any valid objections Mitchell should have sixty days additional time in which to perfect the title. Time was made of the essence of the contract, and, in case of such objections, if the title

should not be perfected within the sixty days, the said deposit was to be returned to plaintiff. Plaintiff pointed out two objections, and claimed, on the trial, that each of said objections was valid, and that the defendants had not corrected them or perfected the title. · The court found for plaintiff as to each objection, and we are of opinion that the findings are correct and sustained by the evidence.

The first objection was as to forty-seven feet on the west end of the lot fronting on Spruce street, the entire width of the lot, and being nearly one-half thereof. As to this portion of the lot it appears that in the chain of title to Mitchell, a conveyance was made by Robert Faessler, who then owned the property, to *George* F. Terschuren, dated April 10, 1899, which was duly acknowledged and recorded. This deed passed the title out of the grantor to the *grantee,* and if the true name of the grantee was George F. Terschuren the title passed to and vested in George F. Terschuren. There is no conveyance of record from George F. Terschuren to Mitchell or to any of his grantors, and the title is still of record in the name of George F. Terschuren. On May 10, 1899, another conveyance was made by Robert Faessler to Gerhard F. Terschuren, which was duly acknowledged and placed on record. The latter deed contained the recital: "This deed is made to correct a deed to George F. Terschuren dated April 10th, 1899, recorded May 4th, 1899, to correct error in grantee's name." It is evident that after the title passed out of Robert Faessler to *George* F. Terschuren no subsequent deed of Faessler could convey anything, or convey to any different grantee. If the true name of the grantee was *George* F. Terschuren, the title passed to said George F., and, if the true name was not George, but Gerhard, and the name George was inserted by mistake instead of Gerhard, Faessler could not correct the mistake. This is conceded by appellants, but they claim that they took proceedings which perfected the title as to this objection. After plaintiff had objected to the title on the grounds just stated, and within the sixty days, the appellants undertook to correct it in the following manner: Defendant Mitchell, together with Gerhard F. Terschuren, as coplaintiffs, brought an action in the superior court of the city and county of San Francisco on the fourteenth day of June, 1904, against one Hynes, the administrator of the estate of Robert Faessler, deceased. The complaint in

said cause set forth the making of the deed by Faessler in his lifetime to George F. Terschuren, that it was made to *George* by mistake, and that the true name of the grantee was Gerhard instead of George, and that there was no such person as George F. Terschuren. Hynes as administrator filed an answer denying the allegations of the complaint. On June 20, 1904, a decree was made and entered in the said superior court, finding the facts to be as alleged in the complaint, and adjudging that the deed made by Robert Faessler to George F. Terschuren was made by mistake, and that the deed be reformed by inserting the name Gerhard instead of George, and that the deed as so reformed should be a conveyance as if made by Robert Faessler to Gerhard F. Terschuren.

It is contended by appellants that the deed so procured cured the defect in the title, but we do not think so. The suit was evidently a friendly attempt, without contest, to perfect the title of Mitchell. It was not a proceeding *in rem.* George F. Terschuren was not made a party, and therefore the suit did not affect him. If he had been made a party, and the proceeding had been *in rem,* and due publication of summons made after failure to find him, there would be force in appellant's contention; but it is plain that if Faessler in his lifetime could not correct the first conveyance made by him, his administrator could not so. Nor did the decree of the court aid the matter in the least. It was only conclusive upon Hynes as administrator, but he never claimed the property as administrator. His intestate never claimed it after he made the deed conveying it. The fact that in any litigation concerning the title parol evidence would be admissible to show that the grantee *George* F. Terschuren was identically the same person as *Gerhard* F. Terschuren does not as to plaintiff change the result. The plaintiff had the right to a title fairly deducible of record, free from reasonable doubt or litigation. He was not required to accept a title depending upon matters which rest in parol. (*Gwin* v. *Calegaris,* 139 Cal. 384, [73 Pac. 851], and cases cited.) Counsel for appellant very properly and candidly admit the rule "that the fact that error in name could be proven by parol in any litigation concerning the property would not make the title marketable under the decisions of this court."

The second objection to the title was that the owner of the lot on the north of the premises agreed to be conveyed main-

tained projections of his house and overhanging eaves which affected the possession of the property to be conveyed. The court found such to be the fact, and the evidence supports the finding. In fact, it is conceded in appellant's brief that the eaves and other projections of the house on the lot north "overlapped the lot in question a few inches." It is claimed, however, that the evidence shows that the owner of the lot on the north made no claim to the right to maintain such projections and eaves, but stated that he would remove them at any time. But plaintiff was not bound by any parol promises as to the possession of the property. As defendants claimed that the $500 was forfeited, it was incumbent upon them to show that they tendered a deed which would convey the property and the possession of it to plaintiff. Plaintiff had the right to the possession of all of it before the purchase price could be demanded of him.

It is claimed that the title was made satisfactory to plaintiff's attorney by the judgment obtained in the suit against Hynes, the administrator of the estate of Faessler, and by the promise that the obstructions and eaves of the house on the north would be removed, and that the attorney for plaintiff agreed with the owner of the lot and building on the north that, in consideration of the sum of $5, the receipt of which was acknowledged, the obstructions and eaves might remain for one year. The testimony shows that the plaintiff employed the attorney to examine the abstract and pass upon the title. Plaintiff was not bound by the advice of the attorney, nor by the agreement as to the obstructions. The attorney testified that he was employed to give his opinion and judgment upon the title and for no other purpose, and that he was not authorized to waive any objections to the title. It would be a strange doctrine which would compel the plaintiff to take a defective title, in the face of the agreement to give him a good one, simply because the attorney whom he employed gave an erroneous opinion as to the title. Plaintiff was not bound by the opinion, and surely the vendor was in no position to profit by it. On the contrary, the plaintiff had the right to employ as many attorneys as he saw fit, and to have the advice of each and every one of them, and the question would still be as to whether or not the title tendered was a marketable title within the meaning of the law.

We have examined the complaint as to the contention that it fails to state a cause of action because it does not state that the plaintiff tendered the purchase money and demanded a deed. It does allege that plaintiff pointed out and stated to defendants the defects in the title, and "at the same time notified defendants that he would perform the said agreement on his part, and pay the balance of the purchase price according to the terms of said agreement, upon receiving a perfect title according to the terms of said agreement." It is further alleged that the defendant Mitchell failed to cure the alleged defects in the title, or to perform the agreement on his part. There was no demurrer to the complaint. There does not appear to have been any objection to the evidence on the ground that the complaint failed to state a cause of action. It is sufficient to say that in view of this record we think the complaint sufficient. The time in which to perfect the title had expired. The title had not been perfected. In such case a tender of the money by the plaintiff would have been a useless proceeding.

F. S. Brittain, an attorney, was called as a witness by the defendants, and testified that at the time of the transaction he was one of the attorneys for the Hibernia Bank, and as such examined the title with a view to a loan by the bank upon the property. He was asked in cross-examination by plaintiff's attorney the following question: "Q. A deed runs to George F. Terschuren, and later on there is a deed that runs to Gerhard F. Terschuren for that identical property, and in the bottom of the deed it says 'This deed is made to correct a deed to George F. Terschuren, dated April 10th, 1899, recorded May 4, 1899, to correct error in grantee's name.' " Then the following took place as shown by the record: "Mr. McGraw: We will admit that was not sufficient to correct the error.

"Witness: I had advised Mr. Walters with regard to this particular case. I dictated the objection that is expressed in the report from Tobin & Tobin.

"Q. Would you pass title on the purchase of land that had such a defect?

"Defendant objected to the question as immaterial, incompetent and irrelevant. Objection was overruled, to which ruling defendant duly excepted.

"Witness: No."

The question was immaterial, and called for the opinion of the witness, but it is apparent that it was harmless. The answer was certainly no more injurious than the admission of defendant's attorney that the second deed "Was not sufficient to correct the error." Not only this, but defendant's counsel had placed in evidence the report of Brittain upon the title, which pointed out that the title was "vested in George F. Terschuren, or in Gerhard F. Terschuren, or in both."

It is urged that there is no finding upon the issue made by the pleadings to the effect that Gerhard F. Terschuren was at all times and still is the owner of the westerly forty-seven feet of the lot agreed to be conveyed. The complaint alleged that the defendant Mitchell did not hold the legal title to said portion, but that the title was in *Gerhard* F. Terschuren. The court found that the defendant Mitchell was not the owner and did not hold the legal title to said portion of said lot, but that the record title was in George F. Terschuren. The material issue was as to whether or not the title was in defendant Mitchell. The court found that it was not. It was wholly immaterial whether it was outstanding in the name of Gerhard or *George* Terschuren. It was not in defendant Mitchell, and that is sufficient. The court found as to all the material issues, and the findings support the judgment.

The judgment is affirmed.

Hall, J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 7, 1907.